| UNIVERSIDAD DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JI SITE DEVELOPERS, LLC<br><br>Apelante | KLAN202400952 | Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: SJ2023CV09825<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece ante nos JI Site Developers, LLC (Apelante), mediante *Recurso de Apelación* presentado el 22 de octubre de 2024, solicitando que revoquemos la *Sentencia* del 29 de agosto de 2024, emitida por el Tribunal de Primera Instancia Sala de Carolina (TPI). Mediante esta, el TPI-Carolina desestimó una *Reconvención* incoada por la apelante en contra de la Universidad de Puerto Rico (Apelada o UPR), al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Por los fundamentos que expondremos a continuación, *Confirmamos* la Sentencia recurrida.

## I.

El 4 de octubre de 2018 se originan los hechos que, hoy, motivan el presente recurso. En esa fecha, las partes suscribieron un contrato de arrendamiento sobre un predio ubicado en la UPR en Carolina. El canon de arrendamiento fue fijado por la cantidad de $2,000.00 al mes, más aumento de quince por ciento (15%)

de manera automática con la renovación cada cinco (5) años. A pesar de realizar los pagos según pactado y, haber comenzado la construcción de la base para la antena de telecomunicaciones, el 3 de junio de 2022, mediante Sentencia en el caso núm. CA2021CV01413, el tribunal declaró nulo *ab initio* el contrato en controversia. Ello, por no cumplir con el Art. 3.3 de la Ley Núm. 2-2018, conocida como el Código Anticorrupción. De esta manera, el contrato no logró cobrar vida jurídica, por lo que era uno inexistente. Esa Sentencia advino final y firme.

Ahora bien, el 19 de octubre del 2023, la UPR presentó *Demanda* por desahucio y cobro de dinero contra el aquí apelante*.* En esta, la UPR argumentó que la apelante ha ocupado en precario y sin autorización terrenos pertenecientes a la Universidad de Puerto Rico. Arguyó que, habiéndose declarado la nulidad radical del contrato, la apelante se ha mantenido ocupando y sin remover las facilidades de telecomunicaciones en el predio de manera ilegal. A su vez, añadió que el apelante dejó de consignar los pagos por la ocupación del terreno desde el mes de julio de 2023. Por lo tanto, correspondía declarar *Ha Lugar* su demanda y, en consecuencia, ordenar el cobro de dinero adeudado por la ocupación ilegal, la remoción de las utilidades y la devolución del predio.

El 18 de junio de 2024, el Tribunal emitió *Orden* mediante la cual le concedió términos a las partes para expresarse sobre la aplicabilidad de edificante de buena fe a una estructura de telecomunicaciones y sobre los derechos de JI Site para subarrendar el predio y las instalaciones ante la inexistencia de un contrato. También concedió al apelante hasta el 19 de julio de este año para contestar la demanda y presentar la reconvención anunciada.

Así las cosas, el 19 de julio de 2024, la apelante presentó escrito titulado *Contestación a Demanda y Reconvención.* En esta, aceptó la mayoría de las alegaciones de la demanda, añadió que fue edificante de buena fe, que dicha edificación tuvo un costo de $200,000.00 y que ha compensado por más de cinco (5) años a la apelada con los pagos de $3,000.00 mensuales. Adujo, a su vez, que la nulidad del contrato fue provocada por la UPR y que, en consecuencia, ésta no podía exigir el cumplimiento de las cláusulas de pago de mensualidad. Por lo que, solicitó al Tribunal que declarara *Sin Lugar* la demanda presentada por la apelada y, en consecuencia, declarara *Ha Lugar* la Reconvención de JI Site, ordenando a la UPR a vender el predio, luego de pagar el justo valor, y compensar al apelante por el exceso pagado en concepto de justa compensación por la ocupación del predio.

El 23 de julio de 2024, la apelada presentó *Moción en Cumplimiento de Orden* para expresarse sobre la Orden del Tribunal del 18 de junio de ese año. Mediante esta argumentó que JI Site no podía ser edificante de buena fe, toda vez que el consentimiento que le concede autorización para edificar carece de un vicio que le hace nulo. Adicional a esto, la apelada aduce que una de las disposiciones del contrato establecía que la apelante se comprometía a remover las mejoras y equipos, una vez finalizado el contrato y que, vencido el contrato, quedaría obligado a cumplir con sus obligaciones hasta que realizara la remoción. Por último, añadió que la apelante continuaba explotando una propiedad pública sin contrato ni autorización, por lo que procedía el desahucio de esta. De esta manera, la apelada entiende que, sobre la doctrina de edificante de buena fe, no le aplica por basarse en la negligencia por error inexcusable del apelante al no cumplir con las formalidades en ley y haberse

pactado la remoción de esta edificación tras el vencimiento del contrato. Mientras, sobre los derechos a continuar subarrendando el predio, razonó que el mismo contrato establecía que, tras su vencimiento, la apelante se comprometía a continuar pagando hasta culminar la remoción de las mejoras y equipos.

El 24 de julio de 2024, el apelante presentó su *Moción en Cumplimiento de Orden Postura de JI Site sobre Edificante de Buena Fe y Derecho de Subarrendamiento.* Mediante esta, en resumen, alegó que la edificación en controversia tenía una base de treinta (30) pies de profundidad con diez (10) pies de diámetro y una altura de ciento noventa y cinco (195) pies. Se creó con una expectativa de vida de 30 años, por lo que, se pactó un contrato de cinco (5) años con tres (3) renovaciones automáticas para un total de veinte (20) años. Sostuvo, a su vez, que el convenir la remoción en el contrato nulo no se eliminó el carácter permanente de la estructura. Para la apelante, en teoría, podría removerse la estructura, pero no les queda claro si se pudiera lograr sin dañar la misma. Adicional, aduce que, si bien es cierto que pactaron la remoción de la antena finalizado el contrato, dicha obligación de remoción emana de un contrato nulo y, por lo tanto, no era oponible. Se mantuvo en su defensa de que era edificante de buena fe por edificar con el mero conocimiento o tolerancia del dueño del terreno. Adicional, sostuvo que, como edificante de buena fe, tiene derecho a retención y a continuar recibiendo frutos durante la pendencia de la controversia y, hasta que se compense al edificante o este haga suyo el terreno ocupado.

El 30 de julio de este mismo año, la apelada presentó escrito titulado *Contestación a Reconvención*. En síntesis, adujo que JI Site ha generado ingresos por concepto de alquiler de las facilidades de telecomunicaciones que sobrepasan el costo de

edificación. Que está impedida por la doctrina de actos propios de invocar accesión y que la antena y los equipos pueden ser removidos, por lo que no constituyen edificación permanente. A su vez, expresó que no es edificante de buena fe, toda vez que la ignorancia de vicio en el título no puede estar fundamentada en un error inexcusable. Por lo tanto, solicitó la desestimación de la reconvención.

El 19 de agosto de 2024, la UPR presentó *Moción Solicitando Desestimación de la Reconvención*. Adujo que no aplicaba la doctrina de edificante de buena fe toda vez que aquel que cuyo defecto de título fue causado por negligencia inexcusable no puede ser reputado como edificante de buena fe. A su vez, expresó que el contrato era claro en que, tras el vencimiento del contrato, correspondía la remoción de las mejoras y equipos, como también, que las mejoras no serían objeto de accesión. Por lo tanto, solicitó la desestimación de la Reconvención al amparo de la Regla 10.2 (5) supra, sobre dejar de exponer una reclamación que justifique la concesión de un remedio.

El 29 de agosto de 2024, el apelante respondió a la moción solicitando la desestimación de la reconvención. Mediante esta, reiteró los argumentos esbozados previamente en los pasados escritos.

Finalmente, el mismo día, 29 de agosto de 2024, el Tribunal emitió *Sentencia Parcial* declaró *Ha Lugar* la moción solicitando desestimación de la reconvención al amparo de la Regla 10.2(5) de Procedimiento Civil, supra.

El 16 septiembre 2024 el apelante presentó *Moción de Reconsideración y Solicitud de Conclusiones de Derecho Iniciales*. La misma fue declarada *No Ha Lugar* el 25 de septiembre de 2024.

Inconforme, el apelante acude ante nos en *Recurso de Apelación* con los siguientes señalamientos de error:

> Erró al no expresar conclusiones de derecho iniciales cuando le fue solicitado y considerando que debió dar las alegaciones de la reconvención como ciertas.

> Erró al desestimar la Reconvención de JI Site sin tomar como ciertas las alegaciones y/o sin que se presentara prueba sobre las mismas.

**II.**

**A.**

La Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, dispone, en lo pertinente, que "[e]n todos los pleitos el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". No obstante, la referida regla también incorpora, a modo de excepción que "**[n]o será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho: (a) al resolver mociones bajo las Reglas 10** ó 36.1 y 36.2, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2. Íd. (énfasis nuestro).

De esta manera, queda claro que, en nuestro ordenamiento jurídico, la referida regla releva a los tribunales de consignar sus determinaciones de hechos al momento de disponer de una controversia por la vía sumaria. Pérez Vargas v. Office Depot, 203 DPR 687, 704 (2019).

Afín con lo anterior, la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1, dispone, en lo relativo a las determinaciones de hechos y conclusiones de derecho adicionales, que:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el

tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, o podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad.

El Tribunal Supremo ha advertido que de la letra clara de la citada Regla 43.1 de Procedimiento Civil, *supra*, se desprende y resulta obvio que el tribunal de instancia no está obligado a hacer determinaciones de hecho y de derecho adicionales luego de ser solicitadas por una o más partes; ello, de estimar que las mismas no proceden. Carattini v. Collazo Sys. Analysis, Inc., 158 DPR 345, 357 (2003); Blás v. Hosp. Guadalupe, 146 DPR 267, 319 (1998).[1] Ciertamente, el juez tiene discreción para denegar tal moción, pues, en esencia, sólo procede para corregir errores manifiestos de hechos o de derecho. Id.

**B.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. Díaz Ortiz y otros v. Colón Peña, 2024 TSPR 113, 214 DPR __ (2024); Inmobiliaria Baleares, LLC y otros v. Bernabé Glez y otros, 2024 TSPR 112, 214 DPR __ (2024); Rivera Candela Et Al v. Universal Insurance, 2024 TSPR 99, 214 DPR __ (2024); Blassino Alvarado y otro v. Reyes Blassino, 2024 TSPR 93, 214 DPR __ (2024); Colón Gorbea v. Sánchez Hernández y otros, 202 DPR 760, 764 (2019). La referida regla establece que la parte demandada podrá solicitar

---

[1] Estos casos hacen referencia a la antigua Regla 43.3 de las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 43.3 que dispone de forma similar a la actual Regla 43.1 de Procedimiento Civil 2009.

la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

1) Falta de jurisdicción sobre la materia.
2) Falta de jurisdicción sobre la persona.
3) Insuficiencia del emplazamiento.
4) Insuficiencia del diligenciamiento del emplazamiento.
5) **Dejar de exponer una reclamación que justifique la concesión de un remedio.**
6) Dejar de acumular una parte indispensable. (Énfasis suplido). Íd.

En particular, la Regla 10.2(5) de Procedimiento Civil, supra, dispone que el demandado puede fundamentar su solicitud de desestimación en que la demanda no expone "una reclamación que justifique la concesión de un remedio". En tales casos, la desestimación solicitada se dirige a los méritos de la controversia y no a los aspectos procesales. Id. Montañez v. Hosp. Metropolitano, 157 DPR 96, 104 (2002).

Nuestro más alto foro ha expresado que, al resolverse una moción de desestimación por el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". Colón Gorbea v. Sánchez Hernández y otros*, supra,* pág. 765*;* Aut. Tierras v. Moreno & Ruiz Dev.Corp., 174 DPR 409, 428 (2008); Colón v. Lotería, 167 DPR 625, 650 (2006). La especulación no es suficiente para sostener una causa de acción. El tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda **bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias**. R. Hernández Colón, *Práctica Jurídica de Puerto*

*Rico, Derecho Procesal Civil,* 5ta.Ed., San Juan (2010), pág., pág. 268. (Énfasis nuestro).

Además, se ha señalado que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante". <u>López García v. López García</u>, 200 DPR 50, 70 (2018); <u>Consejo de Titulares v. Gómez Estremera et. al.</u>, 184 DPR 407. 423 (2012); <u>Aut. Tierras v. Moreno & Ruiz Dev.Corp.</u>, *supra,* págs. 428-429.

No obstante, la liberalidad con que se interpretan las alegaciones de una demanda, el tribunal puede desestimarla si luego de evaluar el asunto queda convencido de que en su etapa final el demandante no habrá de prevalecer.

**III.**

Por encontrarse relacionados entre sí, los señalamientos de error se discutirán en conjunto. En estos, el apelante aduce que incurrió el Tribunal de Primera Instancia al no expresar determinaciones iniciales de derecho cuando le fueron solicitadas y, además, desestimar la reconvención sin tomar como ciertas las alegaciones o sin que se presentara prueba sobre las mismas. Adelantamos que no le asiste la razón, veamos.

En nuestro estado de derecho, la Regla 10.2(5) de Procedimiento Civil, *supra,* permite la desestimación de un recurso cuando éste deja de exponer una reclamación que justifique la concesión de un remedio. Este proceso es uno sumario, que no requiere la celebración de una vista. A través de esta moción, se le solicita al juzgador que **evalúe si de la faz de la demanda** se expone una reclamación que justifica la concesión de remedio alguno. Al presentarse la moción, la controversia se dirige a los méritos de las alegaciones en la demanda. Tras la presentación

de la moción de desestimación, el tribunal tomará como ciertos **todos los hechos bien alegados** en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. De esta manera, no existe espacio para sostener la demanda por especulación. Es decir, que el Tribunal debe desestimar y no permitir que se sostenga una demanda bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias.

Por otro lado, sabido es que la Regla 42.2 de Procedimiento Civil, supra, establece que no será necesario consignar los hechos y el derecho en una sentencia resuelta al amparo de la Regla 10, la Regla 36.1 o 36.2. De manera que releva al Tribunal de consignar las determinaciones de hecho correspondientes, permitiendo al Tribunal hacer suyas y, por lo tanto, sustituir sus determinaciones por las determinaciones esbozadas en el escrito que se declare *Ha Lugar*. La Regla 42 de Procedimiento Civil, supra, releva al tribunal de realizar separadamente las determinaciones de hecho y de derecho cuando resuelve por la vía sumaria al amparo de la Regla 10 de Procedimiento Civil, supra. Tanto los tribunales estatales como los federales, incluyendo el Tribunal Supremo de Estados Unidos, han sido consistentes en que, la concesión de una sentencia por la vía sumaria a favor de una parte no requiere que el tribunal sentenciador haga constar las determinaciones de hechos y las conclusiones de derecho. *Véase* Pérez Vargas v. Office Depot, *supra*, pág. 703.

Del mismo modo, la Regla 43.1, si bien permite a las partes solicitarle al Tribunal determinaciones de hechos y derechos iniciales, también es clara al establecer que es un asunto discrecional del juzgador. Así, el Tribunal no está obligado a

aceptar una moción al amparo de la Regla 43.1 a no ser que lo estime necesario o frente a un error manifiesto que requiera corrección.

En el caso ante nos, la apelada presentó una moción de desestimación de la reconvención al amparo de la Regla 10.2 (5) de Procedimiento Civil, supra. El Tribunal concedió a las partes los términos correspondientes, incluso, varias prórrogas, con intención de que ambas partes presentaran sus respectivos argumentos. El foro primario declaró *Ha Lugar* por completo la moción al amparo de la Regla 10 de Procedimiento Civil, *supra*, por lo que, la regla aplicable era la esbozada en la 42.2 de Procedimiento Civil, *supra*, relevando al Tribunal de consignar las respectivas determinaciones.

Según expusimos, ante la presentación de una moción de desestimación al amparo de la Regla 10.2(5), el Tribunal debe tomar por ciertas **todas las alegaciones bien fundamentadas** de la demanda, en este caso, la reconvención. Ello, no implica que se tomarán por ciertas todas las alegaciones, sino aquellas relevantes y bien argumentadas. Si de la faz de la reconvención, tomando por ciertas las alegaciones bien fundamentadas, no resultare que se tiene derecho a la concesión de un remedio, procede la desestimación. El tribunal no puede mantener la reconvención bajo la idea de que se debe esperar al descubrimiento de prueba para poder defender lo que, hasta ahora, son meras alegaciones.

De los hechos que informa esta causa, surge que el contrato de arrendamiento que las partes suscribieron el 4 de octubre de 2018 fue declarado nulo el 3 de junio de 2022, mediante Sentencia en el caso núm. CA2021CV01413. Incluso, es un hecho admitido por ambas partes. El contrato pretendía el

arrendamiento de un predio perteneciente al Estado para la construcción de la base para la antena de telecomunicaciones. Cuando un contrato es declarado nulo, no adviene a la vida jurídica. Se considera, "inexistente en Derecho desde el momento mismo en que se otorga y, por lo tanto, nunca genera consecuencias de ley." Piovanetti v. SLG Touma, SLG Tirado, 178 DPR 745, 773 (2010); Ríos v. Mun. Isabela, 159 DPR 839, 846 (2003); Pérez Mercado v. Martínez Rondón, 130 DPR 134, 150 (1992). Ante ello, la reconvención del apelante no podía prosperar bajo nuestro estado de Derecho. Lo esencial en este caso era la nulidad del contrato *per se*.

Concluimos que el foro primario actuó dentro de sus facultades y sin indicios de abuso de su discreción al momento de declarar Ha Lugar la moción para desestimar la reconvención al amparo de la Regla 10.2(5) de Procedimiento Civil y sin consignar las correspondientes determinaciones fundamentado en la Regla 42.2

**IV.**

Por los fundamentos que anteceden, confirmamos la *sentencia* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Domínguez Irizarry disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| UNIVERSIDAD DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JI SITE DEVELOPERS, LLC<br><br>Apelante | KLAN202400952 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: SJ2023CV09825<br><br>Caso Núm. Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

### VOTO DISIDENTE JUEZ DOMÍNGUEZ IRIZARRY

Respetuosamente disiento de lo resuelto por la mayoría de los miembros que componen este Panel en el caso de epígrafe. A mi juicio, la adjudicación aquí impugnada, y confirmada por mis compañeros Jueces, es procesalmente errada y suprime el derecho de la parte que acude a nuestro auxilio de tener su día en corte y de que su caso se ventile en sus méritos de forma justa. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993).

Los documentos que obran en autos acreditan que las partes de epígrafe se vincularon mediante un contrato suscrito en el año 2018 y que, previo a declararse su nulidad, se cumplieron los respectivos derechos y obligaciones pactados. Durante dicho término, y a tenor con lo dispuesto en el convenio en cuestión, la parte apelante edificó en el inmueble arrendado, mediante la construcción de la torre de comunicaciones en controversia, a un costo superior a los $200,00.00, y al amparo de la concesión de todos los permisos gubernamentales requeridos.

Luego de que la parte apelada, amparada en la nulidad del contrato, solicitara el desahucio del inmueble, la parte apelante

presentó apelante presentó la *Reconvención* aquí en controversia.

En esta, expuso lo siguiente:

[...]

4. En virtud del Contrato Núm. 2019-00068 (en adelante, el Contrato), JI Site invirtió aproximadamente $200,000.00 para construir una base en hormigón, una verja de perímetro y una torre de telecomunicaciones en acero galvanizado en el predio arrendado.

5. JI Site ha compensado mensualmente a la parte demandante por más de 5 años en exceso a la justa compensación por la ocupación de un predio de terreno de 3,500p/c.

6. JI construyó la base de cemento, instaló las facilidades de utilidad eléctrica, habilitó el área arrendada y construyó la torre de comunicaciones. Todo ello con conocimiento de la UPR de Carolina.

7.El Contrato fue redactado en su totalidad por la UPR de Carolina y los documentos complementarios entregados por Jl para la contratación fueron aquellos que le fueron requeridos por la UPR de Carolina.

8. El Contrato fue declarado nulo e inexistente por errores de la UPR de Carolina a la hora de su otorgamiento.

9. En virtud de la nulidad del Contrato entre las partes no existe una relación contractual ni términos pactados y/u oponibles.

10.El valor de las obras construidas por JI en el terreno de la UPR de Carolina, sobrepasan considerablemente el valor del predio de terreno de 3,500 p/c donde las mismas están sitas.

11. Las obras construidas por JI en el terreno de la UPR de Carolina contaron con los permisos correspondientes.

12. La justa compensación por la ocupación del predio de terreno de 3,500 p/c donde las obras de JI están sitas, es menor a $3,000.00 mensuales.

**C. Primera Causa de Acción: Edificante de Buena Fe:**

13. Dado que el valor de las obras construidas de buena fe por JI sobrepasa considerablemente el valor del suelo donde están sitas, JI tiene derecho de adquirir el terreno ocupado mediante el pago de su justo valor.

14. La construcción de las obras de JI y la pérdida del predio de terreno que estas ocupan, no le ocasiona daño alguno a la parte demandante.

15. En la alternativa en que las obras no tengan un valor considerablemente mayor al suelo donde están sitas, JI tiene derecho a ser compensado por el valor de su obra o la parte demandante le puede exigir que adquiera el terreno en cuestión.

16. JI tiene derecho de retener la propiedad hasta que sea compensado por su obra o se le permita adquirir el terreno.

Es mi postura que, dado el escenario antes expuesto, las alegaciones de la *Reconvención*, de ser estimadas como ciertas, exponen la posible existencia de una causa de acción válida a favor de la parte apelante. Me explico.

Sabido es que, en cuanto a la norma del edificante de buena fe, el Artículo 297 del ya derogado Código Civil de 1930[1], establece lo siguiente:

El dueño del terreno en que se edificare de buena fe, tendrá derecho a hacer suya la obra, previo el pago al dueño de la obra del costo de los materiales y la mano de obra, o del costo de reproducción de la misma al momento en que el dueño del terreno ejercitare su derecho, deduciendo la depreciación, lo que resultare mayor, o a obligar al que fabricó a pagar el precio del terreno.

31 LPRA sec. 1164.

Conforme a dicho articulado, el dueño del terreno en cuestión tendrá el derecho de elección sobre cómo hará suya la edificación construida de buena fe, ya sea pagando lo que resulte mayor entre el costo de los materiales y la mano de obra, o del costo de reproducción de la estructura al momento de solicitar la accesión de ésta. El edificante de buena fe sólo tiene derecho a ser indemnizado y a retener la edificación hasta que ello ocurra. Por su parte, el Artículo 364 del Código Civil, *supra*, sec. 1425, establece que la buena fe se presume siempre.

La *Sentencia* aquí apelada y confirmada por la mayoría del Panel, se fundamentó en la nulidad del contrato objeto de litigio para

---

[1] El Código Civil de 1930 quedó derogado mediante la aprobación del Código Civil de 2020, Ley 55-2020, 31 LPRA sec. 1 *et seq.* No obstante, hacemos referencia a sus términos, por ser de aplicación al caso de autos.

desestimar la *Reconvención* de la parte apelante. La mayoría del Panel adoptó dicha conclusión al indicar en la *Sentencia* que suscribe en el caso:

[…]

El contrato pretendía el arrendamiento de un predio perteneciente al Estado para la construcción de la base para la antena de telecomunicaciones. Cuando un contrato es declarado nulo, no adviene a la vida jurídica. Se considera, "inexistente en Derecho desde el momento mismo en que se otorga y, por lo tanto, nunca genera consecuencias de ley". Piovanetti v. SLG Touma, SLG Tirado, 178 DPR 745, 773 (2010); Ríos v. Mun. Isabela, 159 DPR 839, 846 (2003); Pérez Mercado v. Martínez Rondón, 130 DPR 134, 150 (1992). Ante ello, la reconvención del apelante no podía prosperar bajo nuestro estado de Derecho. Lo esencial en este caso era la nulidad del contrato *per se*.

[…].

Sin embargo, es mi criterio que la nulidad contractual decretada, no incide en la determinación de si esta puede ser catalogada como edificante de buena fe y, en consecuencia, de si le asiste el derecho de compensación que reclama. Ello dado que conforme la norma expuesta en la materia en controversia, el estado de derecho no sujeta la doctrina del edificante de buena fe a la existencia de un contrato válido. Por lo tanto, tomando como ciertas las alegaciones contenidas en el *Reconvención* conforme el estándar requerido al adjudicar una moción de desestimación, bajo la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), se debió haber denegado la solicitud de desestimación promovida por la entidad apelada.


**IVELISSE DOMÍNGUEZ IRIZARRY**
Juez de Apelaciones